IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HELPING HANDS HOME IMPROVEMENT, LLC, as assignee of NICKY DUNN d/b/a 3D'S PROPERTIES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, LLC,<br><br>    Defendant. | No. 1:20-cv-01006-STA-jay |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

On March 30, 2020, Defendant filed a motion to dismiss the claim brought against it pursuant to T.C.A. § 56-7-105 and the claim for punitive damages. (ECF No. 20.) Plaintiff has not responded to the motion. For the reasons set forth below and in Defendant's memorandum (ECF No. 21), the motion is **GRANTED**.

In the amended complaint (ECF No. 13), Plaintiff Helping Hands Home Improvement, LLC, alleges that Defendant insured Nicky Dunn d/b/a 3D's Properties, LLC, for loss and/or property damage to its property. An assignment of the claim was made in favor of Plaintiff. Plaintiff alleges that Defendant wrongfully refused to pay the loss thus entitling Plaintiff to damages for bad faith pursuant to T.C.A. § 56-7-105 and punitive damages, in addition to its claim for breach of contract.

As noted by Defendant in its motion, claims for bad faith or punitive damages are not assignable under Tennessee law, and T.C.A. § 56-7-105 applies only to holders of an insurance

policy.  T.C.A. § 56-7-105 provides in pertinent part:

> (a)  The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code Ann. § 56-7-105(a). Insurance companies under this provision are only liable to the holder of the policy. The amended complaint alleges that 3D's (and not Plaintiff) was the holder of the policy. Thus, only 3D's can bring an action against Defendant pursuant to T.C.A. § 56-7-105; Plaintiff cannot bring a bad faith action because it is not the holder of the policy. *See Elec. Ins. Co. v. Nationwide Mut. Ins. Co.*, 384 F. Supp. 2d 1190, 1194 (W.D. Tenn. 2005) (explaining that "claims for bad faith…are not assignable under Tennessee law" and dismissing that portion of the complaint).

Additionally, under Tennessee law, an assignment of claim is an assignment of only the policy proceeds themselves. *See Malone v. Harleysville Mut. Ins. Co.*, 2001 WL 245133 at *5 (Tenn. Ct. App. 2001). Thus, Plaintiff's claims are limited to what could have been payable under the policy itself, and that does not include punitive damages.

In summary, Defendant's motion to dismiss Plaintiff's bad faith and punitive damages claims is **GRANTED**.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: April 29, 2020